GEORGE P. HEWSON COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLEE, v. WALTER O. SPANNHAKE, DEFENDANT-APPELLANT.

Submitted October 6, 1935—Decided March 2, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendant-appellant, *Gross & Gross* (*Bernard A. Green,* of counsel).

For the plaintiff-appellee, *Barr & Barr* (*Morris Barr,* of counsel).

PER CURIAM.

This suit was tried before the judge sitting without a jury; judgment was entered in favor of the plaintiff for $250. The parties having been unable to agree upon a state of the case on appeal, the judge settled the state of the case, and therein found, among others, the following facts:

By written agreement dated October 22d, 1935, the defendant agreed to pay the plaintiff $1,000 in connection with the leasing of premises owned by the defendant, if the plaintiff obtained such lease; $500 was to be paid at the time of execution of lease; $250 payable three months thereafter and $250 payable six months from the execution of the lease; and the plaintiff also agreed to cancel a judgment which it had obtained against the defendant in the Irvington District Court. A lease was made in accordance with the agreement.

The plaintiff did cancel the judgment in the Irvington District Court in accordance with its agreement. The defendant did pay $500. The payment of $250 to be made in three months from the date of the execution of lease has not been paid, although it was due when this suit was brought therefor. Judgment was entered in favor of the plaintiff for $250.

The contention of the defendant on this appeal may be summed up in his specification of error that the court "erred in rendering judgment in favor of the plaintiff in the sum of $250 because said defendant had already paid to the plaintiff all that it was entitled to under the said agreement of October 22d, 1935."

That contention rests upon the fact that defendant had paid the $500 which was to have been paid at the time of the execution of the lease.

The trial judge, however, rightly took the view, as we have seen, that $250 was payable three months thereafter, by the plain terms of the contract.

The construction of a written contract is generally a court question, and the cardinal rule of construction is to ascertain and give effect to the mutual intention of the parties as manifested by the language employed and the objects to be accomplished. *Basic Iron Ore Co.* v. *Dahlke,* 103 *N. J. L.* 635; 137 *Atl. Rep.* 423; *Bullowa* v. *Thermoid Co.,* 114 *N. J. L.* 205; 176 *Atl. Rep.* 596.

So construed it seems quite apparent that in addition to the $500 which was to be paid upon the execution of the contract, $250 was also to be paid three months thereafter.

While the contract was crudely drawn and ungrammatical in some aspects, it seems plain to us, considering the entire contract, that the conclusion reached by the trial judge as to the interpretation thereof cannot reasonably be avoided.

The judgment will be affirmed, with costs.